## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 11-20338-CR-MIDDLEBROOKS/GARBER

UNITED STATES OF AMERICA,

v.

MARIO PONCE RODRIGUEZ,

       Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION FOR COURT ORDER AUTHORIZING CERTAIN DEFENSE WITNESSES TO TESTIFY LIVE AT TRIAL VIA VIDEO SATELLITE

THIS CAUSE comes before the Court upon Defendant's Motion for Court Order Authorizing Certain Defense Witnesses to Testify Live at Trial via Video Satellite (DE 70) ("Motion"), filed April 19, 2012. I have reviewed the Motion, the record in this case, and am otherwise fully advised in the premises.

In the instant Motion, Defendant moves the Court to permit several defense witnesses (collectively, "the Witnesses") to testify at trial via "a video conference/satellite system." (*See* DE 70 at ¶ 2). Defendant represents these Witnesses are citizens of Guatemala and either do not have visas to travel to the United States or are unwilling to travel to the United States to testify (*id.*); additionally, he states the Government does not oppose the instant Motion (*see* DE 70 at 5).

Despite the Government's decision to agree to the instant Motion, I have serious reservations about permitting these Witnesses to testify from Guatemala via video satellite. First, I question whether the Witnesses' testimony will be reliable. Even though each of the Witnesses will take an oath before testifying and the Government can extradite the Witnesses from Guatemala if they testify falsely, the threat of the penalty of perjury is significantly diminished when a witness is not testifying in-person. Second, the Government's ability to cross-examine the Witnesses will be impaired. Allowing the

Witnesses to testify via video satellite will deprive both the jury and the Government of the opportunity to directly observe the Witnesses during cross-examination. As the Eleventh Circuit provided in *United States v. Yates*, "[t]he simple truth is that confrontation through a video monitor is not the same as physical face-to-face confrontation." *United States v. Yates*, 438 F.3d 1307, 1315 (11th Cir. 2006); *see also United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999) ("There may well be intangible elements of the ordeal of testifying in a courtroom that are reduced or even eliminated by remote testimony."). In this case, the Government's ability to effectively cross-examine the Witnesses will be further limited by the fact that the Witnesses do not speak English.

Nevertheless, because the Parties agree, I will grant the instant Motion subject to the following conditions:

(1) Defendant is responsible for procuring and operating the video satellite technology in Guatemala;

(2) Since the Witnesses do not speak English, the certified interpreters will translate both the attorneys' questions from English to Spanish and the witnesses' answers from Spanish to English[1];

(3) Defendant shall furnish a notary certified under the laws of Guatemala who will (i) verify each Witness's identity and (ii) swear each Witness in under the laws of Guatemala;

(4) Twenty-four hours before each and every Witness testifies via satellite, Defendant shall (i) notify the Court that the Witness will testify and (ii) provide Computer Services with the IP Address that the Witness will use; and

(5) Defendant shall bear the costs associated with the implementation of conditions one and three through four.

Accordingly, it is hereby,

---

[1] Pursuant to 28 U.S.C. § 1827(d)(1), "[t]he presiding judicial officer . . . *shall* utilize the services of the most available certified interpreter. . . ." 28 U.S.C. § 1827(d)(1) (emphasis added). Since two certified interpreters will be present in the courtroom already, these certified interpreters *must* translate all of the questions asked by the attorneys and the answers provided by the Witnesses. *See* 28 U.S.C. § 1827(b)(2) ("Only in a case in which no certified interpreter is reasonably available . . . may the services of [an] otherwise qualified interpreter[] be used.").

**ORDERED AND ADJUDGED** that Defendant's Motion for Court Order Authorizing Certain Defense Witnesses to Testify Live at Trial via Video Satellite (DE 70) is **GRANTED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 25 day of April, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE